No. 489
BREMSER v. HARTER
Ohio Appeals, 6th Dist., Huron Co.
No. 192. Decided April 24, 1925.

740. LIMITATION OF ACTIONS—Statute of limitations begins to run in action to recover on contract or for negligent and improper performance thereof, when cause of arises.

RICHARDS, J.

Otto Harter commenced an action in the Huron Common Pleas to recover from Henry Bremser for improperly constructing a cement floor in his cellar and for improperly and unskillfully constructing a sewer for him. The trial resulted in a verdict and judgment for Harter for the amount claimed on both causes of action.

Error was prosecuted and it was insisted that the judgment should be reversed on the ground that the causes of action are barred by the statute of limitations. The first cause is based on a written contract executed in August 1916 in which Bremser was to furnish certain materials for construction of the floor. Harter claimed that the thickness of the floor was not as specified in the contract and $124.80 would be the cost at which the improper construction of the floor could be righted. It was also brought out that Harter, depending on Bremser's word, that he was skilled and qualified in sewer work let him do a job under an oral agreement in 1916. Harter here claimed that the drain became clogged due to improper work on part of Bremser. The Court of Appeals held:

1. The first cause of action is based on the written contract and is therefore not barred by the statute of limitation; the evidence justifying a recovery.

2. Harter pleaded a second cause of action as being for negligent and improper construction of drain. Harter contended his action was for relief on ground of fraud and sought to bar the statute of limitations by averring that he did not discover the fraud until within less than four years prior to the time the petition was filed.

3. It is well settled that an action to recover on a contract for negligent or improper performance, statute begins to run when cause of action arises and the right of action is not postponed because of no knowledge of existance of Harter's cause of action.

4. The second cause of action as pleaded is barred by the statute of limitations. Judg-

ment for $124.80 affirmed and judgment on second cause of action reversed.

Attorneys—Young & Young, for Bremser; Rowley & Carpenter, for Harter; all of Norwalk.